**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AUDRE L. REVIS, | No. 18-15151 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00378-DAD-BAM |
| v. | |
| RALPH M. DIAZ, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 17, 2018[**]

Before:      WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

California state prisoner Audre L. Revis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Revis's deliberate indifference claims because Revis failed to allege facts sufficient to show that defendants disregarded an excessive risk to Revis's health or safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health or safety).

The district court properly dismissed Revis's due process claim because Revis failed to allege facts sufficient to show that he was not afforded all the process that he was due at his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (to satisfy due process, prison officials must provide advance written notice of the violation, a written statement as to the evidence relied upon and the reasons for the disciplinary action taken, and a limited right for inmates to call witnesses and present documentary evidence in their defense); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-15151

**AFFIRMED.**